ORIGINAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------X

JAMES BATTLE                          :

        Plaintiff             :
                                      :
  against                              :   CASE NO. CV-14-5263
                                      :
    GLEESON, J.                       :   CIVIL ACTION
    SCANLON, M.J.                     :
                                      :   **COMPLAINT**
THE CITY OF NEW YORK,                 :
NEW YORK CITY POLICE DEPARTMENT       :
P.O. "JANE DOE" AND "JOHN DOE"        :   **PLAINTIFF DEMANDS**
                                      :   **JURY TRIAL**
1 'through' 10 inclusive,             :
the names of the last defendants      :
being fictitious, the true names      :
of the defendants being unknown       :
to the plaintiff.                     :
        Defendant(s)          :
------------------------------------------X

     Plaintiff, JAMES BATTLE, complaining of the defendants, The City of New York, The New York City Police Department, P.O. "Jane Does" AND "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1.   This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.   This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting and malicious prosecution plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff JAMES BATTLE resides in Queens County, and is a resident of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

9. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

10. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police

Officers.

## **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10. On or about April 16, 2014 at approximately 9:00 AM, James Battle was arrested by police officers employed with the New York City Police Department, without probable cause and/or justification when he called for questioning at 103rd Police Precinct.

11. Prior to and after effecting the illegal arrest against the plaintiff, plaintiff informed the police officers that plaintiff was not the suspect they sought and there was no cause to take him into custody. Thereafter Defendant and their Agents, pushed the plaintiff against the wall asserting unnecessary and excessive force and then placed handcuffs on the plaintiffs excessively tight.

12. After being unduly detained plaintiff was released the following evening.

13. Plaintiff eventually saw a Judge after 24 hours in jail and was release.

14. That even though the defendant police officers knew should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiff, charge just to intimidate plaintiff, further aggravating plaintiff's injuries.

15. That at no time during the arrest was plaintiff read his Miranda rights.

16. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff trespass at the alleged property or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

17. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer injuries, including but not limited to emotional distress,

nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

18. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

20. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of their homes.

21. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

22. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

24. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging

police officers including defendants in this case, to engage in unlawful conduct.

25. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

26. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

27. A written claim was filed upon the City of New York, and at least thirty-days have elapsed since the service of the Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

28. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendant Officers

29. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

30. By detaining and imprisoning James battle without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

31. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance

of such conspiracy, as set forth above.

32. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

34. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

35. By detaining and imprisoning James Battler without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

36. In addition, the Defendant Officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

37. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

38. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery--all Defendants

40. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below

41. In physically assaulting, handcuffing, threatening, intimidating plaintiffs, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

42. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

43. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

44. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

45. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

46. At all relevant times, the Officers Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

47. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

48. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

49. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

50. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

51. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

53. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

54. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

55. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

56. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

58. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

59. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

60. Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

61. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

62. Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiffs' injuries.

63. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiffs incurred significant and lasting injuries.

## AS A SEVENTH CAUSE OF ACTION:

Negligence against all defendants.

64. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

65. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

66. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they was forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

67. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants,

compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

7. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

8. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: September 5, 2014

Queens, New York

Respectfully Submitted

By: *James Battle*
JAMES BATTLE
85-42 76 Street
Woodhaven, New York 11421
Tel. No.: (347) 848-8491

Defendants Attorneys:

Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
Att.: Michael A. Cardozo, Esq.
Tel: (212) 356-1000

## VERIFICATION

State of New York    )
                                    ss:
County of Queens    )

JAMES BATTLE, being duly sworn, deposes and says that I am the Defendant in the within action and that I have read the foregoing COMPLAINT and know the contents thereof; the same is true to the best of my knowledge except as to those matter stated to be upon information and belief and as to those matters I believe them to be true.

*James Battle*
JAMES BATTLE

Sworn to before me this
5th day of September, ~~June,~~ 20 14

*Osita E. Okocha*
Notary Public

Osita E. Okocha
Notary Public State of New York
Lic. #02OK6021809
Comm. Exp. 3-22-2015
Commission In Queens County

Osita E. Okocha
Notary Public State of New York
Lic. #02OK6021509
Comm. Exp. 3-22-2017
Commission in Queens County

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X------------------------
JAMES BATTLE                  :
                              :
            Plaintiff         :
                              :
                              :     CASE No.:_____
     against                  :
                              :     CIVIL ACTION
                              :
                              :     COMPLAINT
                              :
THE CITY OF NEW YORK,         :
NEW YORK CITY POLICE DEPARTMENT :
P.O. "JANE DOE" AND "JOHN DOE" :    PLAINTIFF DEMANDS
                              :     JURY TRIAL
1'through'10 inclusive,       :
the names of the last defendants :
being fictitious, the true names :
of the defendants being unknown :
to the plaintiff.             :
            Defendant(s)      :
------------------------------X------------------------
```

## COMPLAINT

JAMES BATTLE
Pro Se Plaintiff
85-42 76 Street
Woodhaven, NY 11421
347 848-8491