UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAMES BATTLE,                                         :
                                                      :
                    Plaintiff,                        :
                                                      :                    **ORDER**
          -against-                                   :
                                                      :            14 Civ. 5263 (JG) (VMS)
THE CITY OF NEW YORK, NEW YORK                        :
CITY POLICE DEPARTMENT P.O. "JANE                     :
DOE" AND "JOHN DOE" 1 THROUGH 10                      :
inclusive, the names of the last defendants           :
being fictitious, the true names of the               :
defendants being unknown to the Plaintiff,            :
                                                      :
                    Defendants.                       :
-------------------------------------------------------x

**VERA M. SCANLON, United States Magistrate Judge:**

Plaintiff James Battle ("Mr. Battle" or "Plaintiff") filed this action pro se against the City of New York (the "City") and ten of its police officers (collectively, "Defendants") alleging violations of 42 U.S.C. § 1983 based on the Fourth, Eighth and Fourteenth Amendments, and also alleging violations of the Constitution and laws of New York State. Mr. Battle alleges that at approximately 9:00 a.m. on April 16, 2014, he was unlawful arrested without probable cause by officers of the 103rd Precinct of the New York City Police Department ("NYPD"); subjected to unnecessary and excessive force during his arrest; then unlawfully detained for twenty-four hours. Compl. ¶¶ 10-13, ECF No. 1. Mr. Battle moves for leave to proceed in forma pauperis. Mot. to Proceed In Forma Pauperis ("IFP Mot."), ECF No. 2. For the reasons stated herein, Mr. Battle's motion to proceed in forma pauperis is **granted**.

    **I.**    **Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915, the Court may waive the $400.00 filing fee to commence a civil action upon finding that the plaintiff is indigent. See 28 U.S.C. §§ 1914-1915. The

1

determination of whether a plaintiff qualifies for in forma pauperis status is within the discretion of the district court. See DiGianni v. Pearson Educ., No. 10 Civ. 206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010). In this case, Mr. Battle has provided specific financial information that demonstrates his monthly income to be $1200.00, which includes $800.00 in wages and $474.00 in Social Security Disability Income ("SSDI"). IFP Mot. 1, 3-4. Mr. Battle stated that he did not have any money in cash or in bank accounts. Id. at 3. He also stated that he did not have any housing or other regular monthly expenses. Id. at 3. Considering Mr. Battle's income and lack of savings, the Court finds that his financial status qualifies him to commence this action without prepayment of filing fees. See 28 U.S.C. § 1915(a)(1).

The Clerk of Court is respectfully requested to issue a summons as to the City. Once the summons issues as to the City, the United States Marshals Service ("USMS") is respectfully requested to serve the summons and complaint on the City without prepayment of the filing fee, and to promptly file an affidavit or waiver of service.

## II. Plaintiff's Right To Assistance In Identifying Defendants

In Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant. In this case, in addition to suing the City, Plaintiff has sued ten John and/or Jane Doe Defendants, officers of the 103rd Precinct of the NYPD who were involved in the alleged violations of federal and state law during Plaintiff's arrest. The USMS will not be able to serve the intended individual Defendants without further identifying and contact information. The problem encountered by Plaintiff is a common one, as it is frequently difficult for pro se litigants to identify individual law enforcement officers.

One means of dealing with this problem would be to permit Plaintiff to conduct discovery against the City, to serve interrogatories and document requests in an effort to identify the officers, and once identified, to ascertain their whereabouts for purposes of service. Plaintiff could then amend his Complaint and initiate service upon Defendants. This process is not only cumbersome for a pro se plaintiff; it often does not achieve results. Accordingly, the Court hereby requests the Corporation Counsel of the City of New York to ascertain the full names and badge numbers of the unidentified officers whom Plaintiff seeks to sue. The Corporation Counsel is also requested to provide the address where each such Defendant can be served. The Corporation Counsel need not undertake to defend or indemnify any of these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the Defendants as provided for by the Second Circuit in Valentin.

The Corporation Counsel will produce the names, badge numbers and addresses for service of the individual Defendants by November 24, 2014, and will file a status report letter by that date confirming that the information was provided to Plaintiff. Once this information is provided, Plaintiff's complaint shall be deemed amended to reflect the full names and badge numbers of these officers.

The Clerk of Court is then respectfully requested to issue summonses to the individually named Defendants. The USMS is respectfully requested to serve the summons and complaint on each individual Defendant without prepayment of the filing fee, and to promptly file an affidavit or waiver of service.

### III. Service and Filing of Other Papers

Pro se Plaintiff is informed that the service and filing of papers other than the summons and the original complaint are governed by Federal Rule of Civil Procedure ("Rule") 5, as well

as by the applicable Individual Rules of District Judge John Gleeson and Magistrate Judge Vera M. Scanlon. These Individual Rules are available on the Court's website[1] and, if Plaintiff is not able to access the website and so requests, the Court will mail Plaintiff a copy of the Individual Rules.

Although pro se Parties are automatically exempt from mandatory electronic filing, they are not exempt from the service and filing requirements of Rule 5.

In cases involving pro se Parties, Parties represented by counsel are still subject to mandatory electronic filing and must serve any filings on the pro se litigant(s) by mail.[2]

### IV. Consent for Electronic Service

If eligible, a pro se Party may choose to receive electronic notification of court-issued filings by 1) reading and completing the enclosed form titled "Instructions for Pro Se Registration and Consent for Electronic Service of Orders and Notices Issued by the Court in Civil Cases" and 2) returning it to the Court at the address listed on the form. This form is also available at https://www.nyed.uscourts.gov/forms/all-forms/prose_forms.

As explained on the form, if a pro se Party consents to electronic service, that Party will be sent notices of electronic filings via e-mail. As the Party will receive court-issued documents only in electronic form, the Party must maintain a valid e-mail address and regularly check his/her e-mail.[3] By consenting to electronic service, the Party waives his/her right to receive service of court-issued documents by mail.

---

[1] https://www.nyed.uscourts.gov

[2] Service by mail is not required if the pro se litigant has consented to electronic service, as described infra.

[3] If a pro se Party has more than one action pending before the court, the Party must complete a separate Registration and Consent form for each case in which he/she wants to receive electronic notifications.

### V. Change of Address

Pro se Parties are required to advise the Clerk of Court of any change of address, telephone number or email address. A pro se Party's failure to keep the Court so informed means the Court may be unable to contact him/her, which may result in the dismissal of the case for failure to prosecute or a finding of default.

### VI. The Pro Se Office

A pro se Party may contact the Pro Se Office at (718) 613-2665 or visit the Court's website at https://www.nyed.uscourts.gov/self-representation for general information regarding court procedures.

Corporations may not proceed pro se and must be represented by counsel.

### VII. Conclusion

Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is **granted**. The Clerk of Court is respectfully requested to issue a summons as to the City. Once the summons issues as to the City, the USMS is respectfully requested to serve the summons and complaint on the City without prepayment of the filing fee, and to promptly file an affidavit or waiver of service. The Corporation Counsel will produce the names, badge numbers and addresses for service of the individual Defendants by November 24, 2014, and will file a status report letter by that date confirming that the information was provided to Plaintiff. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names and badge numbers of these officers. The Clerk of Court is then respectfully requested to issue summonses to the individually named Defendants. The USMS is respectfully requested to serve the summons and complaint on each individual Defendant without prepayment of the filing fee,

and to promptly file an affidavit or waiver of service. Chambers will mail a copy of this Order to the Plaintiff and the Office of the Corporation Counsel.

**SO ORDERED.**

Dated: Brooklyn, New York
October 24, 2014

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge
